**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FUK TEK TEH, | No. 07-73302 |
| Petitioner, | Agency No. A079-468-809 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:      CANBY, THOMAS, and W. FLETCHER, Circuit Judges

Fuk Tek Teh, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of

law and review for substantial evidence factual findings. *Husyev v. Mukasey*, 528

F.3d 1172, 1177 (9th Cir. 2008). We dismiss in part and deny in part the petition

for review.

Teh contends he qualifies for the extraordinary circumstances exception to

the one year asylum deadline and he applied within a reasonable period of the

alleged extraordinary circumstances. Teh also contends the IJ applied the wrong

legal standard when analyzing his CAT claim. We lack jurisdiction to review these

contentions because Teh failed to exhaust them before the BIA. *See Barron v.*

*Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Substantial evidence supports the agency's finding that Teh did not suffer

past persecution because the discrimination at school and the robbery, considered

individually or cumulatively, did not constitute persecution. *See Wakkary v.*

*Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009). Even as a member of a

disfavored group, Teh failed to demonstrate the requisite individualized risk of

persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184-85*; see also Wakkary,*

558 F.3d at 1065 ("An applicant for withholding of removal will need to adduce a

considerably larger quantum of individualized-risk evidence to prevail"). Further,

the record does not compel the conclusion that there is a pattern or practice of persecution against Chinese and Christians in Indonesia. *See Wakkary*, 558 F.3d at 1067-68. Accordingly, his withholding of removal claim fails.

Finally, substantial evidence supports the BIA's conclusion that Teh failed to establish it is more likely than not he will be tortured if returned to Indonesia. *See id*. at 1067-68. Accordingly, Teh's CAT claim fails.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**